```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,            :
                                     :
                                     :                  MEMORANDUM DECISION
          -against-                  :                  AND ORDER
                                     :
HERMIE CHESTNUT,                     :                  12 Cr. 837-1 (GBD)
                                     :
                                     :
                          Defendant. :
------------------------------------- x
```

GEORGE B. DANIELS, United States District Judge:

Defendant Hermie Chestnut, *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), due to his family circumstances, his medical conditions, and the COVID-19 pandemic. (*See* Letter dated August 5, 2020 ("Compassionate Release Letter"), ECF No. 122.) Specifically, Defendant argues that his release is warranted because two of his minor children have recently been removed from the care of their mother by the State of Michigan and Defendant wishes to gain custody of them. Further, Defendant argues that his health conditions— namely, high cholesterol, obesity, and pre-diabetes—render him vulnerable to COVID-19 and justify his release. The Government opposes Defendant's motion. (*See* Letter dated August 31, 2020 ("Gov't Opp'n"), ECF No. 124.)

Defendant is currently serving a sentence of 116 months' imprisonment for wire fraud, conspiracy to commit wire fraud, and aggravated identify theft. (J. in a Criminal Case, ECF No. 52.) Defendant's sentence in this matter arises from his role as the leader of an extensive, long-running scheme whereby Defendant and his co-defendants created a number of fraudulent lumber companies in an effort to induce purchasers to wire substantial sums of money for lumber

that Defendants never shipped or intended to ship. (Gov't Opp'n at 2.) Defendant's scheme resulted in a loss of approximately $1,000,000. (*Id.*)

Defendant's federal term of incarceration is expected to expire on February 21, 2021. However, Defendant is no longer in federal custody. On August 7, shortly after Defendant filed the instant motion, he was transferred from FCI Allenwood to a state facility in Colorado, pursuant to a writ by Colorado state authorities related to a prior arrest for aggravated motor theft. (Gov't Opp'n at 5.) Defendant also likely faces charges in other jurisdictions. Mississippi has filed a detainer against Defendant related to charges for passing bad checks, and the Government indicates that Defendant is likely to have criminal proceedings in Pennsylvania and Michigan as well. (*Id.*) Accordingly, even if this Court were to grant Defendant's motion, it is unlikely that, as a practical matter, Defendant would be granted the relief he seeks—release from custody. Nevertheless, this Court addresses the merits of Defendant's motion for compassionate release from his federal term of imprisonment.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). However, a court may do so only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the

Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.") Here, Defendant argues that the incapacitation of the caregiver of two of his minor children and his risk of contracting COVID-19, considering his medical conditions, warrant his release.

The Government acknowledges that Defendant's obesity could qualify as an extraordinary and compelling reason within Section 3582(c), though the Government also contends that Defendant is otherwise in good health. (Gov't Opp'n at 7–8.) According to the CDC, Defendant's obesity increases his risk of suffering severe illness from COVID-19.[1] *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated August 14, 2020). Additionally, incarceration in a jail or prison certainly does carry an increased risk of contracting contagious diseases such as COVID-19. This Court, however, cannot conclude that all prisoners who suffer from obesity present extraordinary

---

[1] Defendant's high cholesterol and pre-diabetes are not listed as high-risk factors by the CDC.

3

and compelling reasons for release during the current pandemic. Defendant makes no specific allegations that his medical needs have not been adequately addressed at FCI Allenwood, where he was held at the time of the instant motion or his current facility, to give rise to extraordinary and compelling reasons for his release.

Defendant's family circumstances, however, are arguably extraordinary and compelling factors, as defined in the Application Notes to U.S.S.G. § 1B1.13. As is relevant here, the Application Notes define extraordinary and compelling family circumstances to include "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, Appl. Note 1(C)(i). The State of Michigan has removed two of Defendant's minor children from the care of their mother, Ms. Christina Cox, because custody of the children with Ms. Cox presents a substantial risk of harm to the children's lives, physical health, or mental well-being. (*See* Compassionate Release Letter, Ex. D.) However, the matter is still pending and will be resolved at trial scheduled for September 14, 2020. Defendant wishes to attend that trial to present his case for custody of his children.[2] Though the issue of Ms. Cox's incapacitation has yet to be finally determined, Defendant's family circumstance certainly is a factor to weigh in favor of release. However, it does not mandate his release under the statute.

Even assuming Defendant has demonstrated extraordinary and compelling reasons, the consideration of other 3553(a) factors counsel strongly against Defendant's release. Defendant was the leader of a massive and complex fraud scheme that spanned multiple years and caused losses to dozens of vulnerable victims. Defendant also used those closest to him to carry out his scheme. Defendant recruited the mothers of two of Defendant's children to assist him and even used the name and identity of his teenage son to, *inter alia*, open bank accounts, rent office space,

---

[2] As noted, whether Defendant is actually able to attend his children's custody trial is not up to this Court given his pending state charges.

4

and communicate with potential victims. (Gov't Opp'n at 3.) This was also not Defendant's first fraud-related conviction. Defendant has an extensive criminal history with multiple convictions for offenses involving deception or fraud. (Gov't Opp'n at 8.) These convictions and associated sentences did nothing to deter Defendant from carrying out the massive scheme at issue here. Even Defendant's arrest in the instant case appears to have had no effect on his conduct. Before pleading guilty, Defendant continued to carry out the same fraudulent scheme while in custody, both over the phone and through email. (*Id.*) Accordingly, this Court imposed a sentence that appropriately reflected the seriousness of Defendant's conduct and the significant need for deterrence. A reduction in Defendant's sentence would simply not satisfy the goals of sentencing.

Defendant's motion for compassionate release is DENIED. The Clerk of Court is directed to close Defendant's motion and mail a copy of this memorandum decision and order to Defendant at the following address:

Hermie Chestnut (#90836-054)
P.O. Box 16700
Golden, Colorado 80402


Dated: September 8, 2020
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

5